Armin M. Kolenovic (SBN 315634)
akolenovic@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Creditor
Wells Fargo Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>LAUREN J. MASSA-LOCHRIDGE,<br><br>Debtor. | Case No. 4:18-bk-40467-WJL<br><br>Chapter 13<br><br>**OPPOSITION TO DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS PURSUANT TO 11 U.S.C. § 362(c)(3)(B)**<br><br>**Hearing**:<br>Date: March 21, 2018<br>Time: 9:30AM<br>Location: 1300 Clay Street<br>　　　　　Courtroom 220<br>　　　　　Oakland, CA 94612<br><br>**Subject Property:**<br>1601 Beverly Place,<br>Berkeley, CA 94707 |

Wells Fargo Bank, N.A. [1] ("Wells Fargo") respectfully submits the following opposition to the above-entitled debtor, Lauren J. Massa-Lochridge's ("Debtor") Motion to Extend the Automatic Stay as to all Creditors Pursuant to 11 U.S.C. § 362(c)(3)(B) (the "Motion to Extend"). This

---

[1] This Opposition to Debtor's Motion for Order Imposing the Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

- 1 -　　CASE NO. 4:18-bk-40467-WJL
**OPPOSITION TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS PURSUANT TO 11 U.S.C. § 362(C)(3)(B)**

Case 18-40467    Doc# 20    Filed: 03/20/18    Entered: 03/20/18 17:59:55    Page 1 of 7

opposition is supported by the points and authorities cited herein, the request for judicial notice filed concurrently herewith, and the record currently before the Court.

## I. INTRODUCTION

Debtor's Motion to Extend is another attempt to impede Wells Fargo from exercising its non-bankruptcy law remedies to foreclose upon and obtain possession of the property located at 1601 Beverly Place, Berkeley, CA 94707 (the "Property"). Through the Motion to Extend, Debtor seeks to avoid the protections prescribed by 11 U.S.C. § 362(c)(3) by requesting that the Court continue the automatic stay in this case, notwithstanding the successive filings. Notably absent from the Motion to Extend is a clear and convincing explanation that there has been a substantial change in financial affairs of the Debtor since the dismissal of the previous bankruptcy case. For this reason, as explained more fully herein, the Motion to Extend should be denied.

## II. STATEMENT OF FACTS[2]

### A. LOAN HISTORY

On or about June 28, 2002, Mark Henderson Massa Lochridge and Debtor Lauren Massa Lochridge (collectively "Borrowers") obtained a mortgage loan (the "Loan") from World Savings Bank, FSB ("World Savings Bank") in the original principal amount of $476,250.00. The Note is secured by a recorded deed of trust (the "Deed of Trust") encumbering the Property. (*See* Request for Judicial Notice ("RJN"), **Exhibit A**)

On or about December 31, 2007, World Savings Bank's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB ("Wachovia).

On or about November 1, 2009, Wachovia converted to a national bank with the name Wells Fargo Bank Southwest National Association ("WFBSW"). On the same date, WFBSW merged with and into Wells Fargo.

/././

/././

---

[2] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, U.S. Bank requests that the Court take judicial notice of the documents and other records on file in this case.

- 2 -    CASE NO. 4:18-bk-40467-WJL
**OPPOSITION TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS PURSUANT TO 11 U.S.C. § 362(C)(3)(B)**

Case 18-40467    Doc# 20    Filed: 03/20/18    Entered: 03/20/18 17:59:55    Page 2 of 7

On February 23, 2016, Wells Fargo recorded a notice of default (the "Notice of Default") in the official records of the Alameda Record's office reflecting a total delinquency of $241,037.14 as of February 19, 2017. (*See* RJN, **Exhibit B**).

Thereafter, a notice of sale (the "Notice of Sale") was recorded on January 24, 2018, in the official records of the Alameda Record=s office, and the foreclosure sale was scheduled for July 17, 2017, at 1:00 PM. (*See* RJN, **Exhibit C**).

**B.   THE BANKRUPTCY FILINGS**

On February 7, 2012, Debtor filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Northern District of California – Oakland Division (the "First Bankruptcy"), which was assigned case No. 4:12-bk-41136-WJL. (*See* RJN, **Exhibit D**) On February 3, 2014, the court entered an order dismissing the Chapter 13 Bankruptcy Case after Debtor requested her case to be dismissed. (*See Dkt. 140*).

On July 16, 2017, Debtors filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Northern District of California – Oakland Division (the "Second Bankruptcy"), which was assigned case No. 4:16-bk-43067-RLE. (*See* RJN, **Exhibit E**). On August 25, 2017, Debtor filed her Schedules I and J which reflected a net income of $1,384.28. (*See Dkt. No. 8*). On November 21, 2016, Debtor amended her schedule I to reflect that $3,300 of her monthly net income was generated from monthly rental income. (*See Dkt.14*). On August 1, 2018, the court entered an order dismissing the Chapter 13 Bankruptcy Case for failure to obtain a confirmation of a Chapter 13 plan (*See Dkt. 41*) Nathan David Borris of the Law Offices of Nathan D. Borris was listed as Debtor's counsel of record.

On February 27, 2018, Debtor commenced this case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. (*See Dkt. No. 1*). On March 13, 2018, Debtor filed her sworn schedules reflecting a monthly net income of $1,981.55. (*See Dkt. No. 13*). According to Debtor's Schedule I, one-hundred percent (100%) of her monthly income is dependent on a monthly contribution of $3,600.00 from undisclosed family member(s). (*See id.*).

On March 1, 2018, Debtor filed the Motion to Extend wherein they request that the Court extend the automatic stay in this case pursuant to 11 U.S.C. § 362(c)(3)(B). (*See Dkt. No. 8*)

- 3 -   CASE NO. 4:18-bk-40467-WJL
**OPPOSITION TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS PURSUANT TO 11 U.S.C. § 362(C)(3)(B)**

Case 18-40467   Doc# 20   Filed: 03/20/18   Entered: 03/20/18 17:59:55   Page 3 of 7

### III. ARGUMENT

**A. DEBTOR IS NOT ENTITLED TO THE CONTINUANCE OF THE AUTOMATIC STAY**

**1. Legal Standard.**

Section 362(c)(3)(A) of the Bankruptcy Code provides, in pertinent part:

> If a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed,…the stay under [§362(a)] with respect to any action taken with respect to a debt or property securing such debt…shall terminate with respect to the debtor on the 30th day after the filing of the later case.

11 U.S.C. § 362(c)(3)(A). On the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, "the court *may* extend the stay in particular cases as to any or all creditors…after notice and a hearing completed before expiration of the 30-day period *only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed*." 11 U.S.C. §362(c)(3)(B) (emphasis added). A case is presumptively not filed in good faith:

  (i) as to all creditors, if:

   (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

   (II) a previous case under any of chapter 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to:

    (aa) file or amend the petition or other documents as required by the title or the court without substantial excuse…;
    (bb) provide adequate protection as ordered by the court; or
    (cc) perform the terms of a plan confirmed by the court; or

   (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded with a discharge if filed under chapter 7 or a plan that will be fully performed if filed under chapters 11 or 13.

- 4 -  CASE NO. 4:18-bk-40467-WJL
**OPPOSITION TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS PURSUANT TO 11 U.S.C. § 362(C)(3)(B)**

Case 18-40467    Doc# 20    Filed: 03/20/18    Entered: 03/20/18 17:59:55    Page 4 of 7

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor…

11 U.S.C. § 363(c)(3)(C)(i)-(ii). The debtor bears the ultimate burden of persuasion to demonstrate through ***clear and convincing evidence to the contrary*** that the presumption of bad faith does not apply. *In re Casteneda*, 342 B.R. 90, 94 (Bankr. S.D. Cal. 2006); 11 U.S.C. § 362(c)(3)(C).

### 2. This Case Was Presumptively Filed in Bad Faith.

The instant case was presumptively filed not in good faith as a matter of fact and law. Indeed, the presumption prescribed by section 362(c)(3) applies in this case for several reasons. First, the presumption arises because the Second Bankruptcy was pending within the preceding year of this case. *See* 11 U.S.C. § 362(c)(3)(C)(i)(I). Second, the presumption applies because the Second Bankruptcy was dismissed for Debtor failing to obtain a confirmation of a Chapter 13 plan. *See* 11 U.S.C. § 362(c)(3)(C)(i)(II)(cc). Third, the presumption arises because Debtor has failed to demonstrate by clear and convincing evidence that there has been a substantial change her financial or personal affairs since the dismissal of the Second Bankruptcy.

### 3. Debtor Fails to Rebut the Presumption.

Debtor's Motion to Extend argues there has been a substantial change in her financial or personal affairs since the dismissal of the last case which will result in a confirmed plan that will be fully performed. Based on a comparison of Debtor's filings in this case to her filings in the Second Bankruptcy, there does not appear to be any positive changes to Debtor's financial affairs since the dismissal of the Second case. In fact, the viability of this case is entirely dependent upon unverified contribution of undisclosed family members. Generally, "…gratuitous payments to a debtor by family members and other third parties do not constitute regular income." In re Jordan, 226 B.R. 117, 119 (Bankr. D. Mont. 1998) (citing In re Antoine, 208 B.R. 17, 19–20 (Bankr. E.D. N.Y. 1997); In re Campbell, 38 B.R. 193, 196 (Bankr. E.D. N.Y. 1984). However, such gratuitous support may be considered as a portion of a debtor's income where the family member or third party's contribution is the result of both "moral and legal obligations," and there is "direct evidence of the actual assent" of the contributor's responsibility to fund the debtor's plan. Jordan, 226 B.R. at 119. (citing Campbell,

- 5 -      CASE NO. 4:18-bk-40467-WJL
**OPPOSITION TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS PURSUANT TO 11 U.S.C. § 362(C)(3)(B)**

Case 18-40467    Doc# 20    Filed: 03/20/18    Entered: 03/20/18 17:59:55    Page 5 of 7

1  38 B.R. at 196; In re Hanlin, 211 B.R. 147, 148 (Bankr. W.D. N.Y. 1997). Although Debtor has filed a Declaration supporting her Motion to Extend, the Declaration makes no reference of where the $3,600.00 monthly contribution is coming from, or who is making such payments. (*See Dkt. No. 8*). Thus, Debtor does not offer any admissible evidence pursuant to a declaration under penalty of perjury indicating assent on the part of the alleged contributor, nor does the Debtor identify any obligation, moral, legal, or otherwise, that the alleged contributor has to the debts sought to be funded in the Debtor's Plan.

Not withstanding the alleged $3,600.00 contribution from undisclosed family member(s), Debtor's sworn schedules in this case reflect that her own monthly income has actually decreased from the Second Bankruptcy. In the Second Bankruptcy, Debtors previously reported $3,300.00 in net income stemming from rental income. In the instant case, Debtor's sworn schedules report no net income from the operation of a rental property. Thus, without the alleged monthly contribution from undisclosed family member(s), Debtor's financial situation has actually worsened since the Second Bankruptcy.

Finally, Debtor's Declaration states that Debtor is in the final stages of seeking full-time employment whose compensation would more than likely be sufficient to fund all pre-petition mortgage arrears plan, even if a mortgage modification can not be reached. However, Debtor has failed to provide any evidence of an offer of perspective employment. In light of the foregoing, Debtor has the burden of establishing by *clear and convincing evidence* that there has been a substantial change in her financial or personal affairs. She has failed to do so.

/./.  /
/./.  /
/./.  /
/./.  /
/./.  /
/./.  /
/./.  /
/./.  /

- 6 -  CASE NO. 4:18-bk-40467-WJL
**OPPOSITION TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS PURSUANT TO 11 U.S.C. § 362(C)(3)(B)**

Case 18-40467   Doc# 20   Filed: 03/20/18   Entered: 03/20/18 17:59:55   Page 6 of 7

## IV. CONCLUSION

For the reasons discussed herein, Debtor's Motion to Extend the Automatic Stay should be denied.

**WHEREFORE,** Creditor respectfully requests:

1. That the Debtor's Motion to Extend the Automatic Stay be denied;
2. That the Court enter an Order that no stay is in effect with respect to Creditor's claim; and
3. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 20, 2018      **ALDRIDGE PITE, LLP**

By: /s/ *Armin M. Kolenovic*
ARMIN M. KOLENOVIC (SBN 315634)
Attorneys for Wells Fargo Bank, N.A.

- 7 -    CASE NO. 4:18-bk-40467-WJL
**OPPOSITION TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS PURSUANT TO 11 U.S.C. § 362(C)(3)(B)**

Case: 18-40467    Doc# 20    Filed: 03/20/18    Entered: 03/20/18 17:59:55    Page 7 of 7